**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ANDREW JAMES MCGONIGLE,<br><br>Plaintiff,<br><br>v.<br><br>L'ORÉAL USA S/D, INC.,<br><br>Defendant. | C.A. No. 1:26-cv-01507-LMB-WBP |

**REPLY BRIEF OF DEFENDANT L'ORÉAL USA S/D, INC.'S IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

L'Oréal asks this Court to apply the straightforward and plain meaning of a statute enacted by Congress, holding that use of the term "telephone call" in 47 U.S.C. § 227(c)(5) means exactly what it says and does not provide a private right of action for Plaintiff's alleged receipt of text messages. Plaintiff's Opposition should not convince the Court differently. In seeking to avoid the plain meaning of the statute, Plaintiff conflates the FCC's regulation of text solicitations with the scope of the narrower private right of action Congress enacted and the cases Plaintiff cites are inapplicable or not compelling.

*Steidinger* is the only court of appeals decision to decide this precise question, and it held that text messages are not "telephone calls" under Section 227(c)(5). *Steidinger v. Blackstone Med. Servs., Inc.*, 182 F.4th 532, 539–40 (7th Cir. 2026). Plaintiff's contrary appellate authorities address Section 227(b) or merely assume—rather than decide—that a text is a call. Plaintiff's district court authorities likewise fail to give independent effect to Section 227(c)(5)'s private-action threshold. Because Plaintiff alleges no "telephone calls," Count I fails as a matter of law and should be dismissed with prejudice.

As to Count II, L'Oréal withdraws its VTPPA retroactivity argument. However, Count II exposes a separate pleading defect: the Complaint does not identify a valid operative provision or plead its elements. Count II should therefore be dismissed without prejudice or, alternatively, Plaintiff should be required to provide a more definite statement under Rule 12(e). And because Plaintiff does not oppose limiting the VTPPA subclass to the applicable two-year period, its facially overbroad four-year definition should be stricken or narrowed accordingly.

## II. <u>ARGUMENT</u>

Plaintiff's Opposition cites nonbinding and misinterpreted case law in an attempt to argue that his TCPA claim under Section 227(c)(5) can survive. As L'Oréal's Motion to Dismiss argued, the text messages Plaintiff alleges he received are not contemplated under Section 227(c)(5)'s private right of action because the statute is expressly limited to individuals that receive more than one "telephone call." Def.'s Mot. to Dismiss (the "Motion"), Dkt. 12, at 4–8. The Opposition wrongly conflates the FCC's regulation of text solicitations with the scope of Congress's private right of action. But neither the regulations nor cases construing Section 227(b) can expand Section 227(c)(5). As shown below, the statute's text and structure—and *Steidinger's* robust analysis of this precise question—require dismissal.

### A. Section 227(c)(5)'s Text and Structure Require Receipt of More Than One "Telephone Call" Not "Text Message."

1. <u>The Definition of "Telephone Solicitation" Does Not Replace Section 227(c)(5)'s Express Eligibility Requirement.</u>

The Opposition argues that because Congress defined a "telephone solicitation" in the TCPA to include the initiation of a "telephone call or message," that means subsection (c) regulates and provides a private remedy for all "telephone solicitations." Pl.'s Opp'n to Mot. to Dismiss ("Opp'n"), Dkt. 16, at 5–7. According to Plaintiff, this broader definition establishes that text

messages necessarily trigger Section 227(c)(5). However, Plaintiff substitutes the scope of the regulated category for the language of the private cause of action. Section 227(c)(5) does not authorize suit by a person who received more than one "telephone solicitation." Instead, it authorizes suit by a person who received more than one "telephone call." Congress's use of the narrower formulation in the private-action provision must be given independent effect.

Section 227(c)(5) provides that "[a] person who has received more than one **telephone call** within any 12-month period by or on behalf of the same entity in **violation of the regulations**" may bring a private action. 47 U.S.C. § 227(c)(5) (emphasis added). Plaintiff's reading collapses those requirements into one: receipt of more than one communication regulated under subsection (c). Essentially, Plaintiff invites this Court to rewrite the statute, replacing "telephone call" with "telephone solicitation," even though Congress used different language. *See United States v. Locke*, 471 U.S. 84, 95 (1985) ("[T]he fact that Congress might have acted with greater clarity or foresight does not give courts a *carte blanche* to redraft statutes in an effort to achieve that which Congress is perceived to have failed to do."). The phrase "call or message" used in the definition of "telephone solicitation" also does mean that every message is also a "telephone call." Rather, it shows that the defined category of "telephone solicitation" is broader than either term standing alone. If "message" necessarily meant "call," the statutory reference to a "call or message" would add nothing. *See Peter v. Nantkwest, Inc.*, 589 U.S. 23, 32 (2019) (finding the appearance of different terms in tandem "indicates that Congress understands the two terms to be distinct and not inclusive of each other").

2. <u>The Plain Text Reading of the Complete Phrase "Telephone Call" Does Not Encompass a Written Text Message.</u>

Plaintiff relies on dictionary definitions of the verb "call," including "an attempt to communicate by telephone" and "to deliver a message by telephone." Opp'n at 4–5 (internal

quotation marks and citation omitted). He argues that those definitions include text messaging because texts are "communications" between telephones. *Id.* However, Congress did not use the isolated verb "call," but the complete compound noun "telephone call."

Plaintiff also criticizes *Steidinger* for supposedly importing an audio limitation from the noun "telephone" rather than examining the verb "call" (*id.* at 10) and suggests that Congress "would have used the phrase 'voice call'" if it intended to do so. *Id.* at 5 (citation omitted). In 1991, "telephone call" itself conveyed the relevant mode of communication. Congress was not required to add the word "voice" to prevent every later-developed written communication transmitted through a phone from becoming a telephone call. *See, e.g.*, *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) ("The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there.") (citation modified). Plaintiff improperly asks this Court to judicially legislate shortcomings he identifies with Section 227(c)(5) and impart a broader meaning to the term "telephone call" than was understood at enactment.

3. <u>Plaintiff's "Anomaly" and "Unenforceability" Arguments Ignore the Deliberately Narrower Private Remedy.</u>

Plaintiff argues L'Oréal's interpretation creates an "anomaly" because text messages could violate the FCC's regulations without giving consumers a private action. Opp'n at 7–8. Plaintiff further contends that the interpretation would render portions of the regulations "largely unenforceable by private litigants" and would make "in violation of the regulations" effectively meaningless. *Id.* at 9–10.

But the statute already demonstrates that private actions and regulatory violations—some subject to FCC enforcement—are not coextensive. The regulation may prohibit a single covered solicitation, but Section 227(c)(5) authorizes a private action only after a person receives more

than one qualifying telephone call within twelve months. Thus, even for traditional voice calls, Congress did not create a private claim for every regulatory violation. For example, Congress expressly made Section 227(c)(5)'s private remedy narrower than the regulatory prohibition by requiring more than one qualifying telephone call. It therefore is neither anomalous nor internally inconsistent for other regulated conduct to fall outside that particular private remedy.

Moreover, L'Oréal's interpretation is not anomalous when it was already endorsed by the Seventh Circuit and numerous district courts across the country.[1]

4. The FCC's Interpretation and Later Acts of Congress Do Not Change the Plain Text of Section 227(c)(5).

Plaintiff's Opposition argues that the FCC has treated "text messages" as "calls" since 2003, and this Court should defer to that interpretation as an "informed judgment to which [a court can] properly resort for guidance." Opp'n at 9 (internal quotation marks and citation omitted). However, Paragraph 165 of *In re Rules & Regulations Implementing the TCPA*, indicates that,

[1] The Seventh Circuit and numerous district courts have held that Section 227(c)(5)'s private right of action is limited to "telephone calls" and does not encompass text messages. *See Steidinger*, 182 F.4th at 539–40 (holding Section 227(c)(5)'s private right of action is limited to "telephone calls" and does not encompass text messages); *Rush v. Selectquote Ins. Servs., Inc.*, No. 26-cv-03157, 2026 WL 2495598, at *4 (W.D. Mo. July 30, 2026) (same); *Irvin v. Sonic Indus. Servs., LLC*, No. 25-cv-00242, 2026 WL 1098403, at *5 (N.D. Ga. Apr. 20, 2026) (same); *James v. Smarter Contact, Inc.*, 828 F. Supp. 3d 1367, 1373 (M.D. Fla. 2026) (same); *Richards v. Fashion Nova, LLC*, No. 25-cv-01145, 2026 WL 847568, at *5 (S.D. Ind. Mar. 26, 2026) (same); *Richards v. Shein Distrib. Corp.*, No. 25-cv-01385, 2026 WL 847584, at *5 (S.D. Ind. Mar. 26, 2026) (same); *Stockdale v. Skymount Prop. Grp., LLC*, 825 F. Supp. 3d 622, 627 (N.D. Ohio 2026) (same); *Radvansky v. 1-800-Flowers.com, Inc.*, No. 25-cv-2811, 2026 WL 456919, at *5 (N.D. Ga. Feb. 17, 2026) (same); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-cv-00214-LMM, 2026 WL 810929, at *3 (N.D. Ga. Feb. 12, 2026) (same); *Davis v. CVS Pharm., Inc.*, 797 F. Supp. 3d 1270, 1276 (N.D. Fla. 2025) (same); *see also Internicola v. MortgagePros, LLC*, No. 25-cv-01613, 2026 WL 2160936, at *3–4 (M.D. Fla. June 10, 2026) (recommending dismissal of Section 227(c)(5) claims to the extent based on text messages); *Lopresti v. Nouveau Essentials Mktg. LLC*, No. 25-cv-00282, 2026 WL 964758, at *4–6 (M.D. Fla. Feb. 26, 2026) (recommending judgment on the pleadings because text messages do not fall within Section 227(c)(5)'s private right of action).

under some circumstances, "calls" do include "text messages," those circumstances are not present here. 18 FCC Rcd. 14014, 14115 ¶ 165 (2003). There, the FCC was only addressing text messages sent using "an automatic telephone dialing system or an artificial or prerecorded message," a practice prohibited by Section 227(b), not Section 227(c). *Id.* ¶ 165. In fact, Paragraph 165 only cites to Section 227(b) and 47 C.F.R. Section 64.1200(a), not Section 227(c) or 47 C.F.R. Section 64.1200(c)-(d). *Id.* While Congress may have delegated authority to the FCC to prescribe regulations. It did not delegate authority to redefine the class of private plaintiffs identified by Congress in Section 227(c)(5).

Further, Plaintiff's argument that Congress "ratified"[2] the FCC's 2003 interpretation when it passed the Telephone Robocall Abuse Criminal Enforcement and Deterrence ("TRACED") Act is unpersuasive because the TRACED Act specifically refers to "a call made or a text message sent" in violation of Section 227(b). Opp'n at 8–9 (internal quotation marks and citation omitted). Congress's express reference to both a "call" and a "text message" in legislation directed to Section 227(b) does not silently insert "or text message" into Section 227(c)(5). If anything, the separate terminology confirms that Congress knows how to refer expressly to texts when it intends to do so.

### B. The Only Circuit Court to Addresses the Precise Statutory Question After *McLaughlin* Concluded Section 227(c)(5) Does Not Apply to Texts.

Plaintiff's Opposition claims L'Oréal "lean[s] heavily" on *Steidinger*. Opp'n at 3. But this case is the only Circuit decision to address the issue L'Oréal raises here. While *Steidinger* is not binding, it is uniquely persuasive because it is a recent Circuit Court decision addressing the

---

[2] Ratification requires a "clear demonstration that Congress intended to ratify." *Utah Div. of State Lands v. United States*, 482 U.S. 193, 207 (1987). The Opposition identifies no settled FCC construction of Section 227(c)(5)'s independent of "received more than one telephone call" requirement that indicates Congress clearly demonstrated its intent to ratify said construction.

precise question presented: whether a text message satisfies Section 227(c)(5)'s requirement that the plaintiff receive more than one "telephone call." Each of Plaintiff's cited Supreme Court or appellate authorities are misleading because none interpreted Section 227(c)(5).

First, the courts in *Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026), *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020),[3] and *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) held that text messages are "calls" under Section 227(b) not Section 227(c)(5). Plaintiff's attempt to distinguish *Satterfield* with *Loper Bright v. Raimondo*, 603 U.S. 369 (2024) also overreaches because *Loper Bright* only preserves the holdings of prior cases. It does not expand those holdings to materially different statutory language that the earlier courts never interpreted. *Satterfield* remains a Section 227(b) decision, and it is not transformed into binding authority construing Section 227(c)(5).

Second, Plaintiff cites *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) and *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021) for the proposition that "the Supreme Court has repeatedly treated text messages as 'calls' under the TCPA." Opp'n at 3, 6. However, these Supreme Court cases were interpreting Section 227(b)(1)(A) not Section 227(c)(5). More important, the Supreme Court subsequently indicated that this was not a substantive decision on the meaning of "call" but just an assumption of purposes of the case since neither party contested the issue. *See Duguid*, 592 U.S. at 400 n.2 (stating that because "[n]either party disputes that the TCPA's prohibition also extends to sending unsolicited text messages," the Court would "therefore assume that it does without considering or resolving that issue") (citation omitted). Because Plaintiff does not cite on

[3] To the extent Plaintiff cites *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019) to support the proposition that the Fourth Circuit has held that Section 227(c)(5) is "triggered by a telemarketing text," (Opp'n at 5), Plaintiff incorrectly attributes weight of authority to a decision that did not address whether text messages were "telephone calls" under Section 227(c)(5).

point case law, the Court should find *Steidinger* persuasive; it is the only Circuit Court decision that has decided the issue presented.

**C. Plaintiff's Other Cited Authorities Are Unpersuasive.**

The other cases Plaintiff cites fare no better. Plaintiff relies heavily on *McGonigle v. Teleflora, Inc.*, No. 1:25-cv-00807-MSN-WEF (E.D. Va. Mar. 13, 2026) and *Mey v. Liberty Home Guard, LLC*, No. 5:23-cv-281, 2026 WL 486556 (N.D. W.Va. Jan. 5, 2026) in support. However, both of these cases are distinguishable.

First, *Teleflora* did not "hold" that "Section 227(c) regulates 'telephone solicitations,' which Congress defined to mean 'the initiation of a telephone call or message . . . which is transmitted to any person,' 47 U.S.C. § 227(a)(4)" as Plaintiff argues. Opp'n at 3–4. Instead, Judge Nachmanoff only issued a one-page order denying the defendant's motion to dismiss "for the reasons stated in open court." *Teleflora*, No. 1:25-cv-00807-MSN-WEF, ECF No. 66. In addition, *Teleflora* was decided in March 2026—before the Seventh Circuit's decision in *Steidinger* in August.

Second, the *Mey* decision treats the proposition that "calls are inclusive of texts" as dispositive of the separate private-action prerequisite. In doing so, the case gives no independent effect to Congress's decision to require receipt of more than one "telephone call," rather than more than one "telephone solicitation" or "call or message." Moreover, the decision was decided before the Seventh Circuit's decision in *Steidinger* and the many other district court decisions that have found no private right of action for text messages under Section 227(c)(5). *McGonigle v. Office Depot, LLC*, No. 9:25-cv-80069 (S.D. Fla. Jan 17, 2025) is also distinguishable because the court followed what it understood to be "existing Eleventh Circuit precedent" treating texts as calls "for the purpose of the TCPA" generally. *See* Opp'n at 11–12 (internal quotation marks and citation

omitted). That does not answer the provision-specific distinction recognized in the later-decided Seventh Circuit ruling in *Steidinger*.

Given the plain statutory text, weight of recent authority, and the lack of on-point controlling precedent, Plaintiff's claim must fail as a matter of law.

**D. L'Oréal Withdraws Its VTPPA Retroactivity Argument.**

In its Motion, L'Oréal argued that Plaintiff's Count II must be dismissed because the VTPPA, as recently amended, did not apply to the alleged conduct. The Complaint alleged that L'Oréal violated (a non-existent) Virginia Code Section 59.1-512(A), which imposed a blanket prior-consent requirement. Compl. ¶ 80. L'Oréal mistakenly raised this retroactivity argument based on amendments recently enacted to Virginia Code Section 59.1-513.1, which L'Oréal accepts does not apply. *See* Mot. at 9–12. Therefore, L'Oréal withdraws its argument raised in its Motion. However, L'Oréal requests the Court dismiss Count II without prejudice, and order a more definite statement under Rule 12(e), requiring Plaintiff to identify the provision allegedly violated and plead its elements.

**E. Plaintiff Concedes His Proposed VTPPA Subclass is Overbroad and Must Be Stricken.**

Plaintiff's Opposition does not dispute that his proposed VTPPA subclass is overbroad because it includes time-barred claims outside of the two-year statute of limitations. Opp'n at 16–17. Plaintiff's failure to respond to L'Oréal's two-year statute of limitations arguments demonstrates a concession. *See, e.g., Harris v. Esper*, No. 18-CV-00901, 2019 WL 8888214, at *2 (E.D. Va. Aug. 15, 2019) (finding when an "opposition brief fails to address any of these arguments, Plaintiff is deemed to have conceded them"); *Wallace v. Dotson*, No. 24-CV-00194, 2025 WL 972252, at *2 (W.D. Va. Mar. 31, 2025) (finding "the court interprets his failure to respond as an acknowledgment that he agrees with defendant['s] arguments."). As such, because

Plaintiff's proposed VTPPA subclass encompasses untimely claims, the proposed subclass must be stricken or limited.

## III. CONCLUSION

For the above-stated reasons, the Court should dismiss Plaintiff's Complaint for failure to state a claim.

Dated: September 10, 2026

Respectfully submitted,

*/s/ Rachel P. Raphael*
Rachel P. Raphael (VSB 85522)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.739.3000
Facsimile: 202.739.3001

Ezra D. Church (*pro hac vice pending*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001

*Attorneys for Defendant L'Oréal USA S/D, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will transmit a true and correct copy of the same to all Counsel of Record.

/s/ *Rachel P. Raphael*
Rachel P. Raphael